[Civ. No. 3900. Third Appellate District.—October 24, 1929.]

ALBERT M. MORGANTHALER, Respondent, v. E. T. KRIEG et al., Appellants.

Emmet H. Wilson for Appellants.

John C. Miles for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment in favor of plaintiff in an action for declaratory relief and for the reformation of a contract.

The plaintiff was engaged in business at Los Angeles under the firm name of Pioneer Wall Paper Company. The defendants were conducting an advertising business by means of the use of an automatic electric picture projecting machine. May 14, 1924, the respective parties executed a written contract by the terms of which the defendants agreed to advertise plaintiff's business for a term of three years for a consideration of $6.25 a week, payable on the tenth day of each month. The agreement provided that "this contract shall be irrevocable," and that: "After a payment is thirty days overdue, all subsequent payments hereto shall and thereby do become due and payable hereunder." The following condition was, however, annexed thereto: "It is mutually agreed that in the event advertiser wishes to cancel contract . . . he may do so at any time

after the expiration of three months. Failure to cancel at that time reverts to the original term as specified in said contract.''

The complaint alleges that this last-mentioned clause was inadvertently signed through the mutual mistake of the parties; that it was specifically agreed and by the terms of said clause it was mutually intended that said contract for advertising might be canceled by the plaintiff ''*at any time* after the expiration of three months'' from the inception thereof. The answer acknowledged the execution of the contract in the form alleged, but denied that the clause last mentioned was signed by mistake or that it was intended thereby to permit the cancellation of the document ''at any time,'' or later than three months from the execution thereof. A cross-complaint was filed setting up the contract and the performance of its covenants on the part of the defendants. A breach of the contract by the plaintiff was also charged, consisting of his failure to pay installments which were deferred for more than thirty days. Pursuant to the terms of the contract the defendants thereupon declared the entire consideration to be due and alleged that no part of this sum had been paid except the first four monthly installments. The cross-complaint then prayed for judgment for the sum of $868.75, together with costs and counsel fees.

The court found that the defendants commenced to perform under the contract during the first week in June, 1924, and that the plaintiff notified defendants about the tenth day of July, 1924, ''that their advertising service would not be wanted after the period of three months from the commencement of the advertisement''; that the contract was duly canceled and that the plaintiff was not indebted to the defendants in any sum.

The clause of the contract with respect to its cancellation seems too clear to leave room for controversy. It is provided that the advertiser (plaintiff) may cancel it ''at the expiration of three months.'' This language may not be construed to permit its cancellation at a later date. To preclude the possibility of a misunderstanding in this regard the contract further provided ''failure to cancel at that time (the expiration of three months) reverts to the original term'' (of thirty-six months). The meaning of this

clause is that the defendants were to be assured of at least a three months' contract, at which time it might be terminated at the option of the plaintiff, but if not so canceled at that time it would continue in force for the full term of thirty-six months.

The court not only found that the plaintiff notified the defendants on July 10th to cancel the contract and discontinue the service at the expiration of three months, but it also found that it was the understanding of the parties that the contract could be terminated *at any time;* that it was subject to cancellation on October 2d, at which time notice of cancellation was also given. These latter findings regarding the termination of the contract subsequent to three months from its inception were erroneous but harmless for the reason that the prior finding that it was in fact canceled at the expiration of three months according to the undisputed authorization of the contract is amply supported by the record in spite of the existence of a conflict of evidence in that regard. To hold that the contract could be canceled at any time would necessitate a reformation of this clause on the ground of fraud or mutual mistake. Fraud was not charged and the record contains no evidence of mutual mistake. The finding that the plaintiff notified the defendants about July 10, 1924, that "the advertising service would not be wanted after the period of three months from the commencement of the advertising" constituted due notice of the cancellation of the contract at the expiration of the three months' term. The fact that the notice was actually given prior to the date of cancellation made it none the less effective.

It is true that the plaintiff paid for four months' service. This was explained by Mrs. Morganthaler, who said they were not aware of the fact that the defendants failed to discontinue the advertising as requested at the end of the three months' service; that when they were sent a bill on October 1st for services for the month of September she called up the defendant Schultz, who explained that the service had been continued through the mistake of their bookkeeper, but that they would discontinue it at once; that Mr. Morganthaler had said with reference to this bill "he didn't want anything for nothing—if they ran it (the advertising) and would discontinue it, we would send them a

check''; that therefore upon defendants' promise to promptly discontinue the service they forwarded a check in payment of this bill for September service. This evidence was controverted. The conflict, however, must be resolved in favor of the judgment. This payment did not constitute a waiver of the former notice of cancellation.

The finding that the plaintiff was not indebted to the defendants in any sum whatever, together with the further finding of a cancellation of the contract at the end of three months, was sufficient to refute the affirmative allegations of the cross-complaint, and more specific findings with relation thereto were not required.

The judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.