[Sac. No. 4916. In Bank.—May 27, 1935.]

JOHN TARESH, Respondent, v. CALIFORNIA CANNING PEACH GROWERS (a Corporation), Appellant.

Hadsell, Sweet, Ingalls & Lamb for Appellant.

Rich, Weis & Carlin for Respondent.

THOMPSON, J.—The defendant appeals from a judgment entered on motion of the plaintiff for a judgment on the pleadings on the theory that the answer did not allege any defense to the action.

The appellant is a nonprofit cooperative association incorporated under the laws of California, for the declared purpose of the better handling of deciduous fruits, especially peaches, through the cooperative and joint efforts of its members and the association whereby mutual advantages and economies in the handling, shipping and the securing of advantageous marketing facilities might result in benefit to the individual members and the association, and which benefits are dependent directly upon the performance by the members of their marketing agreements to deliver fruit grown by them to the association.

The respondent is the owner of a peach orchard of about ten acres in Sutter County and entered into a marketing agreement with appellant association in April, 1925, to sell, and whereby the appellant agreed to buy, all of the canning peaches produced on respondent's orchard during the years 1925 and 1936, inclusive. Paragraph 18 of the contract, with the interpretation of which we are immediately concerned, is as follows:

"The Grower may file with the Buyer between February first and February tenth inclusive of each of the years 1924, 1926, 1928, 1930, 1932 and 1934 a written notice of his desire to withdraw from this contract, and the Buyer will thereupon give its written release thereof, and thereupon said contract shall be cancelled as to the succeeding years of the contract period. And the Buyer is hereby also given the right to give written notice to the Grower between March first and March tenth inclusive of either of the above named years, of its desire to withdraw from this contract, and thereupon said contract shall be cancelled as to the succeeding years of the contract period."

The respondent sent to the appellant, by registered mail, at the city of Sacramento, the following:

"Rio Oso, California, January 25, 1934.
"California Canning Peach Growers Association,
"San Francisco, California.
"Attention: A. D. Pogetto, Manager.
"Gentlemen:

"Please be advised that I am withdrawing my membership in the California Canning Peach Growers Association.

"Very truly yours,
"JOHN TARESH
"No. 1555"

It is admitted that this document was mailed at Sacramento January 29th and received at the office of defendant in Sacramento on January 30, 1934, and has been in the possession of defendant since that time. The answer, however, alleges that ''prior to the expiration of said 10th day of February, 1934'', the defendant advised the plaintiff in writing as follows:

''With reference to the request for withdrawal from membership in the Association we wish to advise that your request cannot be granted for the reason that notice of withdrawal was not filed within the proper withdrawal period. We wish to advise further that the Marketing Agreement signed with us remains in full force and effect.''

The respondent took no further action in the premises and the trial court adjudged in effect by granting the motion of respondent that respondent had complied with paragraph 18, that the contract was canceled, and that the respondent be released from his obligation under it. The only question presented is as to the correctness of law of this judgment.

We are not unmindful that such agreements are ''essentially to and with all the other members of the cooperative association and the interest of every member rests upon the same foundation'' (*California Canning Peach Growers* v. *Downey,* 76 Cal. App. 1 [243 Pac. 679]), and hence it may be argued that such contracts are to be strictly construed. And yet we fail to conceive of any injury that could result to any member by the arrival of the notice on January 30th instead of February 1st. The present situation cannot be likened, as counsel argues, to a premature action, or a premature appeal, where the cause of complaint may be righted prior to the date on which the action may be begun or the appeal taken. Here the notice only related to future actions, the sale of the peaches for the ensuing years.

Aside from the fact, however, that we see no just reason for holding that the notice was ineffective, if we accede to the idea that the contract must be strictly construed we must conclude that the notice was effective because under the admitted facts it was on file in the records of the company from February 1st to February 10th, both inclusive. In other words, assuming that the appellant had the right to

return the notice to the respondent, the day it was received or the next, yet the fact remains that it kept it in its records, and a new notice could have added nothing thereto. The rule applied in the case of *Morganthaler* v. *Krieg,* 101 Cal. App. 436 [281 Pac. 692], wherein it was held that a notice of cancellation was effective where a clause of the contract provided that an advertiser might "do so at any time after the expiration of three months", but the notice was given after about one month's service, is pertinent here. Our conclusion is that the notice was sufficient.

Judgment affirmed.

Shenk, J., Curtis, J., and Waste, C. J., concurred.