The **CONSTRUCTION TEAMSTERS HEALTH AND WELFARE TRUST,** known more specifically as The Construction Teamsters Security Trust, The Construction Teamsters Vacation Holiday Trust, and The Construction Teamsters Training and Upgrading Trusts, Plaintiff-Appellee,

v.

**CON FORM CONSTRUCTION CORPORATION, a California Corporation, and Surety Company of the Pacific, a corporation, Defendants-Appellants.**

No. 80–5515.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1981.

Decided Oct. 1, 1981.

---

14. *See* note 7 *supra.*

Lawrence S. Payne, La Verne, Cal., for defendant-appellant.

Samuel N. Rubino, Los Angeles, Cal., for plaintiff-appellee.

Before POOLE and FERGUSON, Circuit Judges, and HARDY,* District Judge.

POOLE, Circuit Judge:

The Trustees of three Union trust funds, the appellees, sued Con Form Construction Corporation (Con Form), the appellant and signatory to a Short Form Agreement with the International Brotherhood of Teamsters Joint Council No. 42 (Union), for contributions owed to the trust funds from June 1977 through October 1979. The district court found Con Form liable for contributions from June 1977 through April 1978 when Con Form gave written notice of termination of the Short Form Agreement. Con Form appeals.

---

* Hon. Charles L. Hardy, United States District Judge for the District of Arizona, sitting by designation.

FACTS

On May 23, 1974 Con Form signed a short form collective bargaining agreement with the Union agreeing to be bound by the terms of the Master Labor Agreement (MLA) then in effect from June 1971 to June 1974. Prior to expiration of the MLA all parties thereto received notices of intended modification as required by the MLA. That MLA was renegotiated in June of 1974 and, as newly modified, given effect from June of 1974 to June 1977. In June of 1977 the process was repeated and an MLA executed for the three year period from June of 1977 to June of 1980.

By the terms of Article IV of the Short Form Agreement Con Form agreed to make contributions to the Construction Teamsters Security Trust, Vacation Holiday Trust and Training and Upgrading Trust (the Welfare Trusts) for covered employees based on work performed. Con Form made reports and contributions to the Welfare Trusts from May of 1974 through June of 1977. An audit revealed that Con Form ceased making contributions to all the Trusts except the Pension Trust at this time. Con Form made periodic contributions under protest to the Pension Trust from September 1977 to December 1977. A letter of cancellation was sent by Con Form to the Union on April 13, 1978.

The Trustees brought suit to recover amounts owed to the Trusts under the MLA then in effect. The Trustees argued that Con Form was bound by the terms of the 1980 MLA until written notice of cancellation was received and that such cancellation would become effective at the end of the current agreement in June of 1980. Con Form contended that the short form agreement terminated automatically in June of 1977 when the newly modified MLA was executed. The district court concluded that the Short Form Agreement did not terminate automatically in June 1977 but was cancelled by the letter of April 13, 1978, effective that date. For the reasons dis-

cussed below we agree with the district court and affirm.

### DISCUSSION

█ The essence of the dispute centers on the interpretation of the following provisions of the Short Form Agreement:

*Article II A*

The parties hereto agree to be bound by the terms and conditions of the multiple-employer Labor Agreement, including all supplemental agreements thereto, between the Southern California Chapter of the Associated General Contractors of America, and others, and the Union, entered into as of May 19, 1968 for application in the Counties of Inyo, Mono, Kern, Santa Barbara, San Luis Obispo, Los Angeles, Orange, Riverside, San Bernardino, Ventura and Imperial, *and all renewals, changes or modifications, thereof*, entered into between the Association and the Union thereafter, except as such agreement may be specifically modified herein, and except that the provisions of Article IV, exclusive of Paragraph 403, thereof, and Article V of the aforesaid agreement shall not be a part of this Agreement.

*Article IX*

The Agreement shall become effective as of the date shown below and shall continue in effect for the same term as the Master Labor Agreement *and for any renewals or extensions thereof referred to above*, and, thereafter, unless and until either party gives the other notice of its desire to terminate. In order to be effective the notice must be mailed certified return receipt requested.

On appeal a dispute concerning the proper interpretation of language on the face of the contract is a matter of law fully reviewable by the appellate court. *Dillingham Shipyard v. Associated Insulation Co.*, 649 F.2d 1322 (9th Cir., 1981).

Con Form argues that under *Seymour v. Coughlin*, 609 F.2d 346 (9th Cir. 1979) written notice of termination is only required of a signatory to a Short Form Agreement where the MLA is renewed or extended but that once a notice of modification of the MLA is mailed by either party to the Agreement the Short Form Agreement is automatically terminated. It is contended that the reference to renewals and changes contained in Article II A is limited to changes in the Counties in which the MLA is to be given effect and therefore is solely a jurisdictional clause.

In *Coughlin* the court found that under the terms of the Short Form Agreement, the latter remained in effect for any renewals or extension of the MLA but that it would terminate automatically upon significant modification of the MLA. This court affirmed the decision on appeal after determining that the contract provisions supported the district court's interpretation. Dictum to the contrary in *Waggoner v. Dallaire*, 649 F.2d 1362 (9th Cir. 1981) notwithstanding we hold that no per se rule was announced in *Coughlin* and we decline to adopt one finding that a case by case analysis of the agreements involved provides the best evidence of the parties' intent.

█ It is clear that a signatory to a Short Form Agreement can agree to be bound by future modifications, extensions and renewals of an MLA. *See Coughlin, supra; Ted Hicks & Associates, Inc. v. NLRB*, 572 F.2d 1024, 1025 (D.C. Cir. 1976); *Accord, Scenic Land Properties, Inc. v. Carpenters, Local 162*, 87 LC ¶ 11,690 (N.D.Cal.1979). Thus, the issue before us is whether the Short Form Agreement signed by Con Form bound the company to subsequent modified MLA's executed after the expiration of the 1971–74 MLA in effect at the time the Short Form Agreement was executed.

While the disputed contract provisions are similar to those present in *Coughlin* they are readily distinguishable and support a finding contrary to that reached in *Coughlin.*

In *Coughlin* the trustees argued that Article V, the termination clause of the Short Form Agreement, which clearly stated that it would continue in effect for "any renewals or extension" of the MLA, was modified by its Article II. Article II stated that Coughlin agreed to be bound by the terms

of the MLA "in effect in the area in which the work is performed as recognized, modified and renewed from time to time through collective bargaining." The district court and this court on appeal found Article II to be a jurisdictional statement that identified the area in which the terms of the MLA would have effect. While Article II was slightly ambiguous, the court found that the placement of the articles, the different terminology used in each and the lack of reference in either Article to the other, supported the conclusion that the purposes of the clauses were distinct and unrelated to each other.

 In contrast Article II A of the Short Form Agreement signed by Con Form is not ambiguous. It is clear that the renewals clause refers to the MLA and not to changes in the listed Counties because of the language of the clause that immediately follows. That clause, which exempts Con Form from compliance with any changes or modifications of the terms of the MLA that have been specifically modified by the Short Form Agreement, makes clear that the reference to "all renewals, changes or modifications" applies to the MLA. Unlike Article II in the *Coughlin* case which had as its primary focus the definition of the area in which the MLA would be operative the thrust of Article II A is the extent to which Con Form will be bound by the provisions of the MLA, supplemental agreements thereto and any renewals or changes thereof.

Additionally, Article IX states that the Short Form Agreement shall be effective for the same term as the MLA and ". . . for any renewals or extensions thereof . . ." referred to above, unless written notice of termination is given. The only mention of renewals and changes of the MLA appears in Article II A. From this it can be inferred that the two articles are to be read together and that the parties intended the Short Form Agreement signatory to be bound to successive MLA's whether or not modified unless written notice of termination was received.

We note that while Con Form urges this court to take the position that a Short Form Agreement automatically terminates upon significant modification of the MLA no explanation is given as to why Con Form has not argued that its Short Form Agreement terminated upon the execution of the modified MLA in June of 1974. Nor has Con Form presented any evidence of significant modification of the MLA in support of the relief requested as required by *Coughlin.*

Additionally, we find Con Form's conduct in continuing to pay the pension trust through December of 1977 and in sending a letter of termination in April of 1978, further evidences the parties intent to be bound by subsequent MLAs unless written notice of termination was given.

We find the district court's interpretation of the Short Form Agreement to be fully supported. The decision is AFFIRMED.