**LIBBY, McNEIL & LIBBY, CALIFORNIA CANNERS & GROWERS, a corporation, Plaintiff-Appellant,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO, an unincorporated labor organization, Defendant-Appellee.**

**No. 86–1502.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1986.

Decided Feb. 11, 1987.

Before KENNEDY, TANG and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

Libby, McNeil & Libby, Inc. ("Libby") sought a judgment declaring that its collective bargaining agreement with United Steelworkers of America ("the Union") did not obligate it to provide "Rule of 65" benefits in its pension plan.[1] Libby contended it had never agreed to include these benefits, and if it had, it had done so by mistake. The magistrate found that Libby and the Union had mutually agreed that Libby's pension plan would be amended to contain whatever pension benefits American Can Company provided in its pension plan. American Can's plan contained Rule of 65 benefits, and, therefore, Libby was required to provide the same benefits. Judgment was entered accordingly. Libby appeals and we affirm.

## FACTS

The Union represented employees at Libby's can manufacturing plant in Sacramento, California. From 1974 until the plant closed in 1983, the Union negotiated collective bargaining agreements with Libby every three years. In 1974, Libby agreed to "duplicate" the pension plan previously negotiated by the Union with American Can Company (1974 Memorandum of Agreement). In 1977, although negotiations between the Union and Libby preceded the Union's negotiations with American Can, Libby agreed that if American Can modified its plan, Libby would modify its plan "in a similar manner" (1977 collective bargaining agreement booklet). *See Construction Teamsters Health & Welfare Trust v. Con Form Construction Corp.*, 657 F.2d 1101, 1103 (9th Cir.1981) (a signa-

Ira Michael Shepard, Washington, D.C., for plaintiff-appellant.

Daniel P. McIntyre, Falmouth, Me., for defendant-appellee.

---

1. The "Rule of 65" is an early retirement pension benefit for employees whose jobs are discontinued as a result of a plant closing or who have been absent due to layoff or disability. An employee with at least 20 years of service would be eligible for benefits provided that the employee's age plus years of service equaled or exceeded 65.

tory to a "me-too agreement" can agree to be bound by future modifications of a master agreement). Subsequently, as part of its 1977 collective bargaining agreement, American Can modified its plan to include a Rule of 65 pension benefit. In 1980, after collective bargaining negotiations, Libby reiterated that it had "the same pension plan as that of the American Can Company," and that if American Can modified its plan, Libby would adopt the "same modifications" (1980 collective bargaining agreement booklet).

## DISCUSSION

Libby argues that it did not intend to adopt the Rule of 65. To buttress this assertion, Libby contends its 1977 agreement to modify the plan in a "similar manner" is not tantamount to an agreement to incorporate unequivocally all American Can pension plan modifications. To ascertain the intended meaning of the arguably ambiguous "similar" term in the 1977 agreement booklet, the magistrate considered the circumstances surrounding the agreement's execution, the parties' preceding negotiations, and their subsequent conduct. *See Arizona Laborers Local 395 Health and Welfare Trust Fund v. Conquer Cartage Co.,* 753 F.2d 1512, 1517–18 (9th Cir. 1985) (trier of fact may consider extrinsic factors such as these to ascertain intent of the parties to collective bargaining agreement).

■ The magistrate noted that immediately following the 1977 negotiations, Libby sent the Union a letter stating that if American Can modified its plan Libby would "apply the same modifications." Additionally, the magistrate found that nothing in the parties' subsequent conduct suggested anything other than an intent to be bound by modifications to the American Can plan. In 1980, the agreement booklet's language mirrored the language used

in the 1977 letter: Libby had the "same plan as American Can" and "will apply the same [if any] modifications." And, during the term of the 1980 agreement, Libby managers discussed application of the Rule of 65 with Union members at the Sacramento plant. The magistrate found that Libby intended to duplicate all provisions and modifications of the American Can plan. A review of the record reveals that the magistrate's findings are not clearly erroneous.[2]

■ Libby also raises a claim of unilateral mistake. Libby argues that even if the Rule of 65 had been incorporated into the 1977–80 agreement, it is not obligated to provide the benefit to employees who became eligible after 1980 because it entered the 1980 negotiations under the mistaken belief that the Rule of 65 was not part of the contract. Under California law, the unilateral mistake of one party is ground for relief where the other party "knew or had reason to know" of the mistake. *Architects & Contractors Estimating Service, Inc. v. Smith,* 164 Cal.App.3d 1001, 1007–08, 211 Cal.Rptr. 45, 48 (1985); *see also M.F. Kemper Construction Co. v. City of Los Angeles,* 37 Cal.2d 696, 701, 235 P.2d 7, 10 (1951) (relief for mistake in bids allowed where one party knows or has reason to know of the other's error). Libby argues that the magistrate substituted an improper "should have known" inquiry for the proper "reason to know" standard.[3]

■ Libby's unilateral mistake argument fails. After carefully weighing the evidence, the magistrate found that during the 1980 negotiations, the Union reasonably believed Libby knew about the Rule of 65. This finding is not clearly erroneous and precludes Libby's claim of unilateral mistake. If the Union believed Libby knew about the Rule of 65, the Union could not

---

**2.** Where contractual provisions are ambiguous, we review findings concerning the parties' intent under the clearly erroneous standard. *Kemmis v. McGoldrick,* 767 F.2d 594, 597 (9th Cir.1985).

**3.** The distinction between "reason to know" and "should have known" is outlined in the Restatement (Second) of Contracts, § 19, Comment b (1981).

"know or have reason to know" Libby was ignorant of the Rule.

AFFIRMED.