T.C. Summary Opinion 2009-116


UNITED STATES TAX COURT


DOROTHY SMITH-IRVING, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18234-07S.                Filed July 27, 2009.


Dorothy Smith-Irving, pro se.

Cindy Park, for respondent.


GERBER, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for period under consideration.

and this opinion shall not be treated as precedent for any other case.

Respondent determined to proceed to collect petitioner's unpaid tax liabilities for tax year 1997 by filing a notice of Federal tax lien (NFTL). Petitioner seeks review of that determination under sections 6320(c) and 6330(d).

The issue for consideration is whether respondent's determination to proceed with collection was an abuse of discretion.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California when she filed her petition.

Petitioner began a prolonged and complex journey when she filed her 1997 Form 1040, U.S. Individual Income Tax Return, on April 19, 1999. On that return she reported a $27,411 tax liability (original liability). Petitioner did not remit payment with her 1997 return. Respondent assessed the reported liability (original assessment) and also applied a $1,396 withholding tax credit. Additionally, respondent determined additions to tax of $458.15 for failure to pay estimated tax, $5,853.37 for failure to file timely the return, and $1,690.97 for failure to pay the tax shown on the return. On July 26, 1999, respondent notified

petitioner of his intent to levy, but petitioner did not request a collection due process (CDP) hearing.

On December 20, 1999, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 1997 showing reduced taxable income because of a reduction in the amount reported as an early withdrawal distribution from her individual retirement account (IRA).  She claimed a $74,012 reduction of her adjusted gross income and, in turn, a $13,910 reduction of her tax liability.  On December 23, 1999, petitioner submitted an offer to compromise her outstanding tax liability (first OIC).  On March 26, 2002, respondent rejected petitioner's first OIC.

On March 8, 2000, respondent notified petitioner that her 1997 return had been selected for examination.  On January 18, 2001, respondent notified petitioner that the claimed reduction in adjusted gross income had been disallowed and that additional tax was due.  The letter was accompanied by a Form 2297, Waiver of Statutory Notification of Claim Disallowance, with respondent's request that petitioner sign and return it if she agreed with the examination results.  In a February 21, 2001, letter, respondent asked petitioner to sign a Form 4549-CG, Income Tax Examination Changes, with the request that petitioner sign and return it if she agreed with respondent's determination of $59,301 of additional taxable income.  The increase was mostly due to the disallowance of petitioner's charitable contribution

deduction for lack of substantiation. Respondent's determination obviated the $13,910 reduction in tax liability petitioner claimed on her amended return and resulted in a $17,038 tax increase (audit liability). Respondent also determined an additional late filing addition to tax of $4,909.88.

By cover letter dated March 5, 2001, petitioner signed and returned the Forms 4549-CG and 2297. However, she did so under the mistaken belief that respondent was proposing to reduce her outstanding tax liability to $17,038 rather than increasing it by that amount. Petitioner's cover letter revealed the misunderstanding and provided respondent with petitioner's new address as of April 13, 2001.

Because it appeared to respondent that petitioner did not understand the Form 4549-CG, petitioner was issued a notice of deficiency on May 31, 2001. The notice of deficiency, however, was mailed to petitioner's old address. There is no indication that she received the notice, and she did not file a petition with this Court. On September 3, 2001, respondent assessed the deficiency and the addition to tax (audit assessment).

On December 5, 2001, petitioner filed a chapter 7 bankruptcy petition. On March 18, 2002, the bankruptcy court granted a partial discharge of her 1997 tax liability, abating the $21,447.83 remaining on the original liability and all associated penalties and interest. The audit liability was not abated

because the audit assessment had been made within 240 days before the bankruptcy petition's filing date.

Pursuant to the bankruptcy court's order, respondent adjusted petitioner's account to reflect the abatement of the additions to tax for estimated tax, late filing, and failure to pay. Respondent, however, did not reduce the original assessment and the associated interest in accordance with the amounts abated.

On August 24, 2005, respondent sent petitioner a second notice of intent to levy concerning petitioner's outstanding 1997 tax liability. Because respondent had not applied the abatement of the tax liability from the original assessment and its associated interest, the notice erroneously stated petitioner's unpaid tax liability as $35,534.95. Petitioner did not request a CDP hearing.

On January 9, 2006, petitioner offered to compromise her outstanding tax liabilities[2] for $31,500 (second OIC) on the basis of doubt as to liability and doubt as to collectibility. On April 19, 2006, respondent rejected the second OIC and filed an NFTL with respect to petitioner's unpaid tax liabilities. On April 21, 2006, respondent notified petitioner of the NFTL

---

[2]Petitioner also had unpaid tax liabilities for 2002, 2003, and 2004.

filing.  On May 22, 2006, petitioner made a timely request for a CDP hearing.

On June 20, 2007, Settlement Officer Nathan August (Mr. August) conducted a telephone CDP hearing with petitioner.  He told petitioner that she could not contest the underlying tax liability because she had had a prior opportunity to do so.  He also informed her that the abatement of the original liability had not been posted to her account.  He estimated that she would have a remaining liability of approximately $20,000 to $25,000 after the abatement was applied because the audit liability had not been discharged.

Mr. August also reviewed respondent's decision to reject petitioner's second OIC.  He stated that there was no doubt as to liability because she had consented to the audit assessment by signing the Form 4549-CG.  He also stated that there was no doubt as to collectibility because she had sufficient assets and/or monthly income to fully pay the liability.  Because Mr. August believed there was no doubt as to liability or collectibility, he informed petitioner that he would be sustaining the rejection of the second OIC.

Petitioner argued that the NFTL was invalid because the amount of the 1997 liability reflected on the NFTL was incorrect.  Mr. August explained that an incorrect amount did not provide a

basis to amend the NFTL. He therefore indicated that he would be sustaining the filing of the NFTL.

Petitioner also requested abatement of interest and additions to tax, stating that she had not been aware of the nondischargeability of the audit liability. Mr. August advised her that the interest and addition to tax accruals resulted from petitioner's failure to pay rather than from any errors or delays by respondent. As a result, Mr. August did not find cause for abatement.

On July 16, 2007, respondent sent petitioner a notice of determination sustaining the NFTL filing. Respondent also sent petitioner a letter informing her of the rejection of her request for abatement of interest for the period from September 3, 2001, to June 20, 2007. On August 14, 2007, petitioner filed a petition with the Court for review of the notice of determination.

## Discussion

If a taxpayer neglects or refuses to pay a tax owed after demand for payment, the unpaid tax will be a lien in favor of the United States upon all property and rights to property belonging to that person. Sec. 6321.

Upon request, the taxpayer is entitled to an administrative review hearing before an impartial officer or employee of the Appeals Office. Sec. 6320(b). The hearing is conducted

according to the procedures under section 6330(c), (d), and (e). Sec. 6320(c). At the hearing, the taxpayer may raise any issue relevant to the unpaid tax or the Commissioner's collection activities. Sec. 6330(c)(2)(A). However, if a taxpayer received a statutory notice of deficiency for the year in issue or otherwise had a prior opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the liability. Sec. 6330(c)(2)(B). A taxpayer who has signed a Form 4549-CG is deemed to have had an opportunity to dispute the underlying tax liability. Zapara v. Commissioner, 124 T.C. 223, 228 (2005); see Aquirre v. Commissioner, 117 T.C. 324, 327 (2001). A taxpayer who previously received a notice under section 6330 for the same tax and tax periods and did not request a hearing has already received an opportunity to challenge the existence and amount of the underlying liability. Sec. 301.6320-1(e)(3), Q&A-E7, Proced. & Admin. Regs.

Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues the taxpayer raised at the hearing, and whether the collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

For determinations made after October 16, 2006, this Court has jurisdiction to review the determination irrespective of the type of tax liability involved. Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019; Callahan v. Commissioner, 130 T.C. 44 (2008). When the validity of the underlying tax liability is properly at issue, we review the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). When the underlying tax liability is not in issue, we review for abuse of discretion. Id. at 182. Under the abuse of discretion standard, the taxpayer is required to show that the Commissioner's actions were arbitrary, capricious, or without sound basis in fact. See Knorr v. Commissioner, T.C. Memo. 2004-212.

Respondent contends that petitioner was not entitled to dispute her underlying tax liability at the CDP hearing because she: (1) Signed the Form 4549-CG; (2) was sent a notice of deficiency and did not petition the Court; and (3) received the second notice of intent to levy and did not request a CDP hearing.

Petitioner argues that the Form 4549-CG was invalid because she signed it under the mistaken belief that her tax liability had been reduced to $17,038 rather than increased. Petitioner further contends that the notice of deficiency was also invalid because it was not sent to her last known address.

Though the Form 4549-CG and the notice of deficiency were invalid (discussed infra), petitioner did have an opportunity to dispute her underlying tax liability when she received the second notice of intent to levy. Accordingly, we will review respondent's determination for abuse of discretion.

Section 6330(c)(1) and (3) requires the Appeals officer to obtain verification that the requirements of any applicable law or administrative procedure have been met. In order to collect a tax owed by the taxpayer, the Commissioner generally must assess the liability within 3 years after the return is filed. Secs. 6303(a), 6501(a). Section 6503(h) extends that 3-year period of limitations for the time the Commissioner is precluded from assessing the tax because of the filing of a bankruptcy petition, plus 60 days. The Commissioner is generally precluded from assessing a deficiency until after the mailing of a notice of deficiency, unless the taxpayer waives that restriction. Sec. 6213(a), (d).

The audit assessment was made after petitioner had submitted a signed Form 4549-CG and after respondent had issued her a notice of deficiency. Petitioner claims the Form 4549-CG and the notice of deficiency were invalid.

Form 4549-CG includes a waiver under which a taxpayer consents to immediate assessment and collection and waives the right to receive a notice of deficiency. We apply contract

principles in determining the enforceability of waiver documents. Horn v. Commissioner, T.C. Memo. 2002-207. In California a party's unilateral mistake is ground for relief where the other party knew or had reason to know of the mistake. Libby, McNeil & Libby, Cal. Canners & Growers v. United Steelworkers of Am., 809 F.2d 1432, 1434 (9th Cir. 1987); 1 Restatement, Contracts 2d, sec. 153(b) (1981).

When petitioner signed the Form 4549-CG, she believed that the audit examiner had told her that her tax liability would be reduced. The accompanying cover letter communicated her confusion as to the amount of her tax liability: "I am a little skeptic [sic] in signing this because it looks like $27,000 is the amount due instead of $17,000." (Emphasis added.) The cover letter put respondent on notice that petitioner did not understand she was consenting to the assessment of an additional tax liability, and respondent accordingly issued petitioner a notice of deficiency. Because respondent was aware of petitioner's unilateral mistake, there was no meeting of the minds and the Form 4549-CG waiver is invalid.

Petitioner also claims the notice of deficiency is invalid because it was sent to the wrong address. A notice of deficiency is sufficient if mailed to the taxpayer's last known address. Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983). A taxpayer's last known address is the address shown on the

taxpayer's most recently filed return, absent clear and concise notice of a change of address.  Sec. 301.6212-2(a), Proced. & Admin. Regs.

Petitioner's March 5, 2001, cover letter provided respondent with such notice of her change of address.  The letter informed the audit examiner that she would be moving to her new address on April 13, 2001.  Respondent issued the notice of deficiency after that date on May 31, 2001, but nevertheless mailed it to petitioner's old address.  Because the notice of deficiency was not sent to petitioner's last known address and there is no evidence she actually received it, the notice is invalid.

Because the Form 4549-CG and the notice of deficiency were invalid, the September 3, 2001, assessment was improper. Respondent did not make a valid assessment of the audit liability before the period for assessment, as extended by the bankruptcy filing, expired.  Because respondent's assessment was invalid on account of the expiration of the assessment period, Mr. August's verification that the requirements of applicable law had been met was incorrect.  Respondent's determination to sustain the NFTL filing was therefore in error as a matter of law and was an abuse of discretion.

Accordingly, respondent cannot proceed with collection.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.