**CERTIFIED CORPORATION, a Hawaii Corporation, Plaintiff-Appellant,**

v.

**HAWAII TEAMSTERS AND ALLIED WORKERS, LOCAL 996, IBT, Defendant-Appellee.**

No. 77–3231.

United States Court of Appeals, Ninth Circuit.

May 31, 1979.

Robert S. Katz of Torkildson, Katz, Jossem & Loden, Honolulu, Hawaii, for plaintiff-appellant.

John R. Desha, II, Honolulu, Hawaii, David A. Rosenfeld, San Francisco, Cal., for defendant-appellee.

Before BROWNING, CHOY, and HUG, Circuit Judges.

CHOY, Circuit Judge:

Certified Corporation brought suit in district court alleging that Hawaii Teamsters and Allied Workers, Local 996, IBT, (Local 996 or the Local) breached the no-strike provision of a collective bargaining agreement between Certified and the Local. The district court granted summary judgment in favor of Local 996. Certified appeals.

## I. Statement of the Case

On July 28, 1974, Certified and Local 996 executed a written agreement. This collective bargaining agreement covered matters such as union recognition, seniority, hiring, grievances and arbitration. It also contained a no-strike provision.[1] By its express terms, the agreement was effective from March 1, 1974, and expired on February 28, 1977.

Certified alleges that Anthony Rutledge, a bargaining agent for Local 996,[2] entered into an oral agreement with Certified. Certified further alleges that this oral agreement extended the written agreement on a "day-to-day" basis, "subject to termination" on 48 hours notice.[3] Finally, Certified alleges that by striking on March 1, 1977, without giving 48 hours notice of termina-tion of the collective bargaining agreement then in effect, the Local breached the no-strike provision of that agreement.

Local 996 contends that there was no binding agreement other than the written collective bargaining agreement. It also argues that, in any event, (1) a written collective bargaining agreement cannot be orally modified when it contains a provision requiring all amendments and modifications to be in writing; and (2) Certified's complaint alleges a breach of a *written* contract, and the only written contract between Certified and the Local expired according to its express terms one day before the strike Certified complains of. Therefore, the Local concludes, the district court properly granted summary judgment in its favor.

## II. Analysis of the Case

Certified contends that there are two ways in which the terms of the written collective bargaining agreement between Local 996 and Certified could have been extended beyond its express termination date by Certified's oral agreement with Rutledge: (a) the agreement could have been orally amended or modified so that the set expiration date was replaced with a requirement that notice must be given 48 hours in advance of termination, *or* (b) the terms of the written agreement, minus the set expiration date, could have been incorporated into the oral agreement and sub-

---

1. The written collective bargaining agreement contains the following provision:

 The parties hereto agree that during the term of this agreement, any past, existing, or future custom or practice of the Employer or the Union to the contrary notwithstanding, there shall be no lockout by the Employer, nor any strike, sitdown, refusal to work, stoppage of work, slowdown, retardation of production or picketing of the Employer on the part of the Union or its representatives or on the part of any employee covered by the terms of this agreement.

2. No issue is raised as to Rutledge's authority on this appeal.

3. Certified, on this appeal, refers to the 48 hour notice provision as a "strike-notice" provision. Such a characterization is inconsistent with the complaint, which refers to the notice provision as requiring 48 hours notice of termination of the collective bargaining agreement. In the context of this dispute, there is no practical difference between labeling the provision a "strike-notice" requirement or calling it a "termination notice" provision. However characterized, the importance of the notice provision vis-a-vis the March 1 strike is the same: Certified contends that the strike was unlawful in the absence of 48 hours notice, whether of the impending strike or of the termination of the agreement.

 Consistent with the complaint in this case, we treat and refer to the notice provision as one requiring 48 hours notice of termination of the alleged collective bargaining agreement containing the no-strike provision.

jected to the 48 hour notice of termination provision. Certified argues each of these theories in the alternative.

### A. Oral Modification

■ As a general matter, a written collective bargaining agreement can be orally modified. *See NLRB v. Universal Services, Inc.,* 467 F.2d 579, 580–84, 587 (9th Cir. 1972); *Watson v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers,* 399 F.2d 875, 879 (5th Cir. 1968); *F. W. Means & Co. v. NLRB,* 377 F.2d 683, 686 (7th Cir. 1967). However, the written agreement in issue contains the following provision:

> No provision or term of this agreement may be amended, modified, changed, altered or waived except by written document executed by the parties hereto.

Thus, the first issue we must face is whether or not oral modification of a written collective bargaining agreement is allowable in the face of a provision requiring that any modification must be in writing.

■ It is settled that in the absence of a statute preventing oral modification of a contract, a written contract can *always* be orally modified, even if its express terms prohibit modification except in writing. Restatement of Contracts § 407 & comment a (1932); 6 Corbin on Contracts § 1295, at 206–08 (1963); L. P. Simpson, Handbook of the Law of Contracts § 95 (2d ed. 1965); *see* Restatement (Second) of Contracts § 353, comment b (Tent.Draft No. 13, 1978). "Two contractors cannot by mutual agreement limit their power to control their legal relations by future mutual agreement. Nor can they in this manner prescribe new rules of evidence and procedure in the proof of facts and events." Corbin, *supra,* at 206–08.

We have said that

> [a] collective bargaining agreement is more than a contract; it is an attempt at

self-government. In dealing with such agreements courts should not be preoccupied with principles which might apply to an ordinary contract.

*Lodge 1327 v. Fraser & Johnston Co.,* 454 F.2d 88, 92 (9th Cir. 1971), *cert. denied,* 406 U.S. 920, 92 S.Ct. 1775, 32 L.Ed.2d 119 (1972). The courts have not strictly adhered to contract rules in dealing with collective bargaining agreements. For example, they have held that consideration is not necessary to make a collective bargaining agreement enforceable. *Darnel v. East,* 573 F.2d 534, 537 (8th Cir. 1978), *citing Calhoun v. Bernard,* 333 F.2d 739 (9th Cir. 1964). They have also held that non-parties may be bound by a collective bargaining agreement under certain conditions. *John Wiley & Sons v. Livingston,* 376 U.S. 543, 550–51, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). They have even held that some terms of a collective bargaining agreement bind the parties after the agreement has expired. *NLRB v. Cone Mills Corp.,* 373 F.2d 595, 598 (4th Cir. 1967).

■ While we are not, therefore, "strictly bound by the technical rules of contract law," *Lozano Enterprises v. NLRB,* 327 F.2d 814, 818 (9th Cir. 1964), we nonetheless hold that the written collective bargaining agreement in this case was orally modifiable as to duration, notwithstanding the express provision to the contrary. The contract rule which we adopt is not contrary to federal labor policies and in fact effectuates the federal policy of maintaining "industrial peace." *See Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). It encourages resolution of labor disputes by negotiation rather than by the economic pressure of a strike. Therefore, we are justified in adopting it here. *See Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 456–57, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); *United States v. Crain,* 589 F.2d 996, 999 (9th Cir. 1979); *United States v. Best,* 573 F.2d 1095, 1101 (9th Cir. 1978).[4]

---

**4.** We also find support for our adoption of the contract rule in *Watson v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers,* 399 F.2d 875 (5th Cir. 1968). There, the court, facing a contract that prohib-
ited any new riders or supplements said, "The case law is clear that an oral agreement between the parties to a collective bargaining contract may modify, supplement or amend the collective bargaining contract." *Id.* at 879.

## B. *Oral Collective Bargaining Agreements*

■ As to Certified's oral collective bargaining agreement theory, it has long been established in this jurisdiction that a collective bargaining agreement need not be in writing in order to be enforceable: "The [National Labor Relations] Act, it is to be remembered, does not require contracts between employer and the union to be in any particular form, or that they be reduced to writing." *NLRB v. Scientific Nutrition Corp.,* 180 F.2d 447, 449 (9th Cir. 1950); *see* 29 U.S.C. § 158(d); *John Wiley & Sons v. Livingston,* 376 U.S. at 550–51, 84 S.Ct. 909; *NLRB v. Ralph Printing & Lithographing Co.,* 433 F.2d 1058, 1061 (8th Cir. 1970), *cert. denied,* 401 U.S. 925, 91 S.Ct. 883, 27 L.Ed.2d 829 (1971); *Teamsters, Chauffeurs, Warehousemen & Helpers Local Union 524 v. Billington,* 402 F.2d 510, 513 & n. 3 (9th Cir. 1968); *Warrior Constructors v. International Union of Operating Engineers,* 383 F.2d 700, 706 (5th Cir. 1967). Therefore, the only issue remaining is whether Certified's oral modification and oral collective bargaining agreement theories are cognizable under its complaint.

## C. *Scope of the Complaint*

The district court held that Local 996 was entitled to summary judgment because

> [p]laintiff's complaint alleges breach of a written contract, *i. e.,* the collective bargaining agreement. It does not allege breach of any oral contract. Because the written collective bargaining agreement expired on February 28, 1977, before the commencement of defendant's striking and picketing, there was no violation of the written agreement's no-strike clause.

We believe that the district court's reading of Certified's complaint is too restricted.

The complaint states, in part:

> The Defendant, as the collective bargaining representative of the . . . employees . . . entered into a collective bargaining agreement . . . . in writing effective March 1, 1974 to February 28, 1977 with the Plaintiff . . . . Such Agreement has since the date thereof remained in full force and effect, and continues to be in effect as of this date, due to an agreement made by Anthony Rutledge with an agent of [Certified] to extend the contract from day to day subject to termination on forty-eight (48) hours notice.

The complaint goes on to state that the collective bargaining agreement, and in particular the no-strike provision, was violated when the Local began its strike on March 1, 1977, without giving 48 hours notice of its termination of the agreement.

■ Rule 8(f) of the Federal Rules of Civil Procedure provides: "All pleadings shall be so construed as to do substantial justice." The above-quoted language of the complaint, when fairly read, encompasses Certified's oral contract theory as well as its oral modification theory. It does not merely state that a written contract was violated; instead, it alleges that the terms of the written bargaining agreement were extended, and, as extended, one of the terms was violated.

The major factual issue in this case is whether or not the terms of the written collective bargaining agreement were extended. Certified has urged two theories by which a court might find such an extension. Neither of these theories is legally improper. Moreover, both of these theories fall within the scope of the complaint as read consistently with Rule 8(f). Therefore, we hold that the district court erred in

---

However, we recognize that the Fifth Circuit's opinion also relies on two other grounds: (1) that the rider involved predated the written agreement and was therefore not prohibited by the provision against new riders, and (2) that the contract called for conditions and wages to remain at least as high as they had been at the time the agreement was entered into and that the rider, which was in effect at the time of contracting, was evidence of the wages and conditions at the time of contracting. Therefore, we do not rely solely on *Watson.*

granting the Local's motion for summary judgment,[5] we vacate that judgment and we remand for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.

---

5. Summary judgment may be granted "'only where there is no genuine issue of any material fact or where viewing the evidence . . . in the light most favorable to the adverse party, the movant is clearly entitled to prevail as a matter of law.'" *Caplan v. Roberts,* 506 F.2d 1039, 1042 (9th Cir. 1974). *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 80 (9th Cir. 1979), *quoting, Loya v. Immigration & Naturalization Serv.,* 583 F.2d 1110, 1113 14 (9th Cir. 1978). Here, when the major factual issue raised by the complaint, extension of the terms of the written collective bargaining agreement, is resolved in Certified's favor, Local 996 is not "clearly entitled to prevail as a matter of law."