**John C. MAXWELL, et al., etc., Plaintiffs,**

v.

**LUCKY CONSTRUCTION CO., INC., Defendant.**

**No. CV 79–3857 MRP.**

United States District Court, C. D. California.

July 23, 1982.

Christopher M. Laquer, Wayne Jett, Jett, Clifford & Laquer, Lawrence F. Webster, Los Angeles, Cal., for plaintiffs.

Scott A. Wilson, Littler, Mendelson, Fastiff & Tichy, San Diego, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PFAELZER, District Judge.

The above-entitled cause came on regularly for trial before the Honorable Mariana R. Pfaelzer, United States District Judge presiding, sitting without a jury, on June 8, 1982. Christopher M. Laquer of the law offices of Jett, Clifford & Laquer appeared as counsel for plaintiffs, John C. Maxwell, et al., and Scott A. Wilson of Littler, Mendelson, Fastiff & Tichy appeared as counsel for defendant, Lucky Construction Co., Inc. The trial was conducted pursuant to the Pretrial Conference Order, the Stipulation re Facts, the Stipulation re Damages, the documentary evidence introduced at the trial and the oral arguments by counsel. The cause having been submitted to the Court for decision, the Court now makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The plaintiffs are trustees together constituting the Boards of Trustees of the Operating Engineers Health and Welfare Fund, Operating Engineers Pension Trust, Operating Engineers Vacation-Holiday Savings Trust and Operating Engineers Training Trust (hereinafter "Trusts").

2. The Trusts are express trusts established pursuant to written collective bargaining agreements and written declarations of trust between Local 12 of the International Union of Operating Engineers

(hereinafter "Local 12") and various multi-employer associations in the construction industry in Southern California.

3. Defendant Lucky Construction Co., Inc. was at all times mentioned herein a California corporation duly qualified to do business in the State of California and was at all times mentioned herein an employer engaged in interstate commerce within the meaning of Section 301(a) of the Labor Management Relations Act.

4. Local 12 is a labor organization which represented employees of Lucky Construction Co., Inc. (hereinafter "Lucky") for purposes of collective bargaining in an industry affecting interstate commerce. Defendant was bound to a collective bargaining agreement with Local 12 which incorporated by reference (with certain exceptions) the terms and conditions of the Master Labor Agreement between Local 12 and the Southern California General Contractors Association for the period July 1, 1974 to June 30, 1977.

5. During this same period of time, Lucky was bound to the written declarations of trust establishing each of the four Operating Engineers Trusts.

6. Lucky was also bound to a collective bargaining agreement with the Laborers' Union until June 30, 1977.

7. The Master Labor Agreement and the declarations of trust provided in part that Lucky make periodic payments of fringe benefit contributions to the Trusts based on the hours worked by its employees who were performing work covered by the Master Labor Agreement.

8. During this period of time, Lucky employed John Sampson to operate a Caterpillar 12 blade and a screed. Operating these machines is covered by the Local 12 Master Labor Agreement. From the date of his original employment by Lucky in January 1975 until August 1975, Lucky paid Mr. Sampson the applicable hourly wage rate of an operating engineer and reported and paid all of his hours worked to the Operating Engineers trusts.

9. From September 1975 through June 1977, Mr. Sampson remained an employee of Lucky and continued to perform the same type of work for Lucky. He was paid the applicable wage rate of an operating engineer. However, Lucky paid all fringe benefit contributions for all of Mr. Sampson's hours of employment to the Laborers' Trust Funds for Southern California. No fringe benefit contributions were paid to the Operating Engineers Trusts for this period of time. Plaintiffs claim fringe benefit contributions are due for the work performed by Mr. Sampson for Lucky for this period of time because Mr. Sampson performed work covered by the Local 12 Master Labor Agreement.

10. As a defense to plaintiffs' claim, Lucky has presented the testimony by Mr. Sampson that he requested that his fringe benefit contributions be paid to the Laborers' Trusts rather than the Operating Engineers Trusts because he wanted to receive his pension benefits from the Laborers' Pension Trust rather than the Operating Engineers Pension Trust. In addition, the president of Lucky, Ed Mealy, claimed that he spoke with the local Business Agent for Local 12 concerning Mr. Sampson's request and that the Business Agent indicated this arrangement was acceptable. No written memorandum of these oral arrangements was ever made by either Mr. Sampson, Local 12 or Lucky and no written or oral confirmation of this arrangement was ever transmitted to the Operating Engineers Trusts.

11. The Local 12 Master Labor Agreement provides for a written election of benefits to be made by an employee and Local 12 for contribution to be paid to another Trust Fund for temporary work on certain small machinery. No written election was ever signed and this clause did not apply to the operation of the Caterpillar 12 blade or the screed. The trustees did not stipulate that the conversation between Mr. Mealy and the Business Agent of Local 12 took place, but did not introduce any evidence to controvert the alleged conversation and contended that the conversation was irrelevant as applied to them.

12. There was an attempted oral modification of the contract and the Local 12

Business Agent had ostensible authority to modify the agreement. However, the Court finds that as a matter of law, oral modifications to the Master Labor Agreement concerning the payment of fringe benefit contributions are barred and therefore the testimony is irrelevant.

13. The Master Labor Agreement requires that signatory employers report and pay fringe benefit contributions to the Operating Engineers Trusts for each and every hour worked by or paid to an employee who performs any work covered by the Master Labor Agreement.

14. Pursuant to the Stipulation re Damages filed by the parties, Lucky owes plaintiffs fringe benefit contributions of $11,200.16, liquidated damages of $1,120.00 and audit costs of $90.00, for a total of $12,410.16.

15. Plaintiffs incurred reasonable attorney's fees in prosecuting this action of $15,306.25 and defendant owes plaintiffs said amount as attorney's fees.

16. On the facts of this case, an award of prejudgment interest in addition to the award of liquidated damages is not warranted. Defendant would be unduly penalized by such an award.

17. Any Conclusion of Law which is deemed to be a Finding of Fact is incorporated into these Findings of Fact.

## CONCLUSIONS OF LAW

1. Any Finding of Fact which is deemed to be a Conclusion of Law is incorporated into these Conclusions of Law.

2. This Court has jurisdiction of this action under § 301(a) of the Labor Management Relations Act. 29 U.S.C. § 185(a).

3. Defendant Lucky was bound to the Master Labor Agreement between Local 12 and the Southern California General Contractors Association from 1974 through June 30, 1977 as well as the Trust Agreements establishing the four plaintiffs' Trusts.

4. The Master Labor Agreement required the payment of fringe benefit contributions to the plaintiffs at a fixed hourly rate of contribution for each and every hour worked by or paid to employees performing any work covered by the Master Labor Agreement. Operating a Caterpillar 12 blade and a screed is work covered by the Master Labor Agreement.

5. The Master Labor Agreement and Trust Agreements prohibit oral modification of their terms. The instant case can be distinguished from *Certified Corp. v. Hawaii Teamsters and Allied Workers Local 996*, 597 F.2d 1269 (9th Cir. 1979) because there is a federal statute which prohibits oral modifications of collective bargaining agreements as they relate to the payment of fringe benefit contributions. 29 U.S.C. § 186(c) prohibits oral modifications of collective bargaining agreements and trust agreements relating to the payment of fringe benefit contributions. All such oral modifications are inadmissible to modify the terms of the Master Labor Agreement and the written trust agreements. This is true even in the case of an employee originally requesting the oral modification. That employee has delegated his bargaining rights to Local 12 and cannot modify the terms of the written collective bargaining agreement and trust agreements. *J. I. Case v. NLRB*, 321 U.S. 332, 336, 64 S.Ct. 576, 579, 88 L.Ed. 762 (1944); *Lerwill v. Inflight Services, Inc.*, 379 F.Supp. 690 (N.D.Cal.1974); *Waggoner v. Dallaire*, 649 F.2d 1362 (9th Cir. 1981).

6. Plaintiffs are entitled to fringe benefit contributions from the defendant Lucky in the amount of $11,200.16, liquidated damages in the amount of $1,120.00, audit costs in the amount of $90.00, for a total principal of $12,410.16, and reasonable attorney's fees in the amount of $15,306.25, for a total of $27,716.41.

7. As a general rule, "[w]hether [prejudgment] interest will be awarded is a question of fairness, lying within the court's sound discretion." *Wessel v. Buhler*, 437 F.2d 279, 284 (9th Cir. 1971). In enacting 29 U.S.C. § 1132(g)(2), Congress intended no change in the discretionary nature of such an award. *See* H.R.Rep.No.869 (II), 96th Cong., 2d Sess. 42, *reprinted in* 1980 U.S.Code Cong. & Ad.News 2918, 2993,

3031–32. Since an award of interest in addition to the award of liquidated damages would constitute a penalty in this case, the Court declines to award prejudgment interest.

8. Plaintiffs are entitled to their costs of suit from defendant Lucky.

9. Judgment shall be entered in favor of the plaintiffs and against the defendant.