**SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL 104, Petitioner–Appellant,**

**v.**

**SIMPSON SHEET METAL, INC.; William Simpson; Nancy Simpson, Respondents–Appellees.**

No. 90–16526.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 1991 *.

Decided Jan. 21, 1992.

Kathryn A. Sure and Mark S. Renner, Wylie, McBride, Jesinger, Sure & Platten, San Jose, Cal., for petitioner-appellant.

Hugh N. Helm, Jordon & Ferrington, Santa Rosa, Cal., for respondents-appellees.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

Before HUG, HALL and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

Sheet Metal Workers' International Association, Local Union No. 104 ("the Union") filed a petition in the district court to confirm an arbitration award against Simpson Sheet Metal, Inc. ("Simpson"). The award established a new collective bargaining agreement ("CBA") between the Redwood Empire Sheet Metal and Air Conditioning Contractors' National Association ("Redwood SMACNA") and the Union. Simpson contended that, due to its withdrawal from Redwood SMACNA prior to negotiations, it was not bound by the arbitration award. The district court confirmed the arbitration award, but struck the interest arbitration clause from the new CBA. The Union timely appealed from this portion of the district court's judgment. We reverse.

I

Simpson and the Union were signatories to a CBA that expired June 30, 1989. The CBA included an interest arbitration[1] clause providing that, if negotiations for renewal of the agreement became deadlocked, the parties would submit the dispute to binding arbitration by the National Joint Adjustment Board ("NJAB"). CBA Art. X, § 8. Under the terms of the CBA, each signatory employer authorized Redwood SMACNA "to act as its collective bargaining representative for all matters relating to this agreement." CBA Art. XIII, § 5. Withdrawal of this authorization required written notice to both Redwood SMACNA and the Union at least 150 days prior to the expiration date of the current CBA. *Id.*

On March 27, 1989, ninety-five days before the CBA expired but before the start of negotiations on renewal of the agreement, Simpson notified Redwood SMACNA and the Union that it no longer desired to be represented by the multiemployer organization. Both the Union and Redwood SMACNA refused to recognize Simpson's withdrawal, asserting that it was untimely.

After negotiation, the Union and Redwood SMACNA failed to agree on some of the terms of a new CBA. As provided by the expiring CBA, they submitted the disputed issues to interest arbitration before the NJAB. Inclusion of the interest arbitration clause in the new agreement was not one of the disputed issues submitted to arbitration; both Redwood SMACNA and the Union agreed to renew the clause. The NJAB rendered a decision ruling on the disputed issues, and directed the parties to execute a new three-year CBA incorporating the provisions imposed by the NJAB in arbitration, as well as all other provisions "agreed upon by the parties locally."

II

■ The district court correctly ruled that Simpson did not effectively withdraw from Redwood SMACNA, and hence was bound by the new CBA. Multiemployer bargaining units are creatures of mutual consent. Charles Morris, *The Developing Labor Law* 476 (2d ed. 1983); *Retail Assoc., Inc.*, 120 N.L.R.B. 388 (1958); *Charles D. Bonnano Linen Serv. v. NLRB*, 454 U.S. 404, 412, 102 S.Ct. 720, 725, 70 L.Ed.2d 656 (1982). The ability to withdraw from a multiemployer bargaining unit is therefore limited by the agreement of the parties. In order to be effective, withdrawal must be carried out as specified in the agreement creating the multiemployer unit. *Leapley Co.*, 278 N.L.R.B. 981 (1986); *see also NLRB v. Hartman*, 774 F.2d 1376, 1383 (9th Cir.1985); *NLRB v. Teamsters Union Local No. 378*, 672 F.2d 741, 744 (9th Cir. 1982); *Authorized Air Conditioning Co. v. NLRB*, 606 F.2d 899, 906 (9th Cir.1979), *cert. denied*, 445 U.S. 950, 100 S.Ct. 1598, 63 L.Ed.2d 785 (1980).

---

1. Generally, an interest arbitration clause requires the signatories to a CBA to submit disputes over new contract terms to arbitration.

*See American Metal Products, Inc. v. Sheet Metal Workers Int'l Ass'n, Local No. 104*, 794 F.2d 1452, 1455 (9th Cir.1986).

■ As the district court recognized, Simpson's purported withdrawal was ineffective. The CBA required 150 days notice for effective withdrawal. This provision was plain and unambiguous. Unambiguous terms in labor agreements are strictly enforced. *Irwin v. Carpenters Health and Welfare Trust Fund,* 745 F.2d 553, 557 (9th Cir.1984). The parties agree that Simpson provided notice of withdrawal only ninety-five days prior to expiration of the contract, and thus did not comply with the terms of the CBA. Although "unusual circumstances" or mutual consent may validate withdrawal even after negotiations have begun, *see Bonnano,* 454 U.S. at 411, 102 S.Ct. at 724, Simpson has not argued that unusual circumstances existed and does not challenge the district court's finding that the Union did not consent.

■ Despite its ruling that Simpson had not effectively withdrawn from Redwood SMACNA prior to the negotiations that resulted in the new CBA, the district court held that Simpson was not bound by the interest arbitration clause in the new agreement. The district court believed this result was compelled by our decision in *American Metal Products, Inc. v. Sheet Metal Workers International Ass'n, Local No. 104,* 794 F.2d 1452 (9th Cir.1986). Contrary to the district court's interpretation, however, *American Metal Products* does not permit Simpson to escape the interest arbitration clause of the new CBA. The employer in *American Metal Products* had effectively withdrawn from SMACNA prior to negotiations. When direct negotiations between the employer and the union deadlocked, the union submitted the dispute to the NJAB, which issued an award directing the employer to execute a contract identical to the one that had just expired. The new contract included an interest arbitration clause not agreed to by the parties to the negotiation. We held that, because interest arbitration is a non-mandatory subject of bargaining, "an interest arbitration clause cannot be included, over a party's objection, in a collective bargaining agreement resulting from interest arbitration." 794 F.2d at 1456–57. In reaching this conclusion, we relied on a statement in *Hotel*

*& Restaurant Employees v. Williams,* 752 F.2d 1476, 1479 (9th Cir.1985), that "[a]n arbitration panel cannot make [the interest arbitration provision] self-perpetuating by including an interest arbitration clause in the new contract."

*American Metal Products* and *Hotel & Restaurant Employees* do not control this case. Those decisions hold that an arbitrator cannot impose an interest arbitration clause over the objection of the parties to the arbitration. The interest arbitration provision at issue here, however, was not imposed by an arbitration panel, but rather was mutually agreed upon by the negotiating parties, Redwood SMACNA and the Union. Simpson is bound to the clause not by reason of the arbitration but by reason of its assignment of bargaining authority to Redwood SMACNA.

*American Metal Products* and *Hotel & Restaurant Employees* do not hold that only those members of a multiemployer bargaining unit who individually consent to an interest arbitration provision bargained for by the multiemployer unit are bound by that clause. Such a holding would interfere with the contractual expectations of SMACNA members, who assign their bargaining rights on the understanding that all members of the group will be bound by the negotiated contract. This court has previously explained that an agreement to enter into multiemployer bargaining:

> is an expression of the degree to which an employer is bound by the contracts negotiated by the unit, and the magnitude of the other employers' interest in maintaining the stability, solidarity, and integrity of the unit. Employers that have delegated, whether by formal or informal agreement, the ultimate authority of negotiations to the unit and agree to be bound by any contract executed by the unit have the right to have this agreement respected by other signatories.

*Teamsters Local No. 378,* 672 F.2d at 744.

Simpson, like the other members of Redwood SMACNA, executed a broad authorization of bargaining power to the unit,

giving the unit the power "to act as its collective bargaining representative for all matters relating to this agreement." CBA, Art. XIII, § 5. Simpson argues that this authorization extended only to mandatory bargaining subjects. The CBA itself, which included provisions covering both mandatory and non-mandatory subjects, belies this contention. For this court to limit Simpson's assignment of bargaining authority to mandatory bargaining subjects would interfere with the legitimate contractual expectations of other SMACNA members, as well as the Union.

■ Contrary to Simpson's contentions, enforcement of the interest arbitration clause in the new CBA is not unjust. Interest arbitration clauses, if agreed to by the parties, do not offend public policy. *See Sheet Metal Workers Local 20 v. Baylor Heating,* 877 F.2d 547, 555 (7th Cir. 1989). Simpson could have avoided imposition of the interest arbitration provision by giving timely notice, as specified in the expiring CBA, of withdrawal from SMACNA. Although Simpson would still have been subject to the interest arbitration provision of the old CBA, it would have been entitled to refuse to accept a new interest arbitration clause. Moreover, because Simpson had affirmatively agreed to such a clause in the previous CBA, it was on notice that Redwood SMACNA might, on its behalf, agree to such a clause in the future. Nor is the notice provision so unreasonable as to make its enforcement against Simpson, who voluntarily agreed to be bound by it, unconscionable.

Simpson also contends that it cannot justly be bound to the results of arbitration by the NJAB, which is composed of representatives of SMACNA and the national Union. As we have noted, however, Simpson affirmatively agreed to be bound to such arbitration, with full knowledge of the composition of the arbitral panel. When the parties have agreed upon a method of dispute resolution, that method is generally presumed to be fair. *See Sheet Metal Workers Int'l Ass'n, Local No. 162 v. Jason Mfg., Inc.,* 900 F.2d 1392, 1398 (9th Cir.1990). Simpson has not demonstrated

any improper motive on the part of the NJAB. The mere fact that the arbitration panel is made up of representatives of Simpson's competitors and the Union does not invalidate its actions. *Id.* In fact, the NJAB, which can only act by unanimous agreement, is unlikely to impose an unfair contract on Simpson out of animosity. The SMACNA representatives are effectively management representatives, likely to share Simpson's views.

In sum, we are persuaded that Simpson must abide by the terms of its agreement to join Redwood SMACNA. Under that agreement, Simpson is bound by all terms negotiated by Redwood SMACNA and the Union pursuant to the procedure established in the expiring CBA, including the interest arbitration provision.

The judgment of the district court must be reversed and the action remanded with instructions to enter judgment confirming the arbitration award in all respects.

REVERSED and REMANDED with instructions.