972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SHEET METAL WORKERS'S INTERNATIONAL ASSOCIATION, LOCAL UNION
NO. 104, Petitioner-Appellant and Cross-Appellee,
v.
BRISCO SHEET METAL, Respondent-Appellee and Cross-Appellant.
 Nos. 91-15981, 91-15982.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 16, 1992.
Decided Aug. 19, 1992.
 
 Before WALLACE, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Appellant and Cross-Appellee Sheet Metal Workers' International Association, Local Union No. 104 ("the Union") appeals the district court's decision striking inclusion of an "interest arbitration clause"[1] in a collective bargaining agreement between the Union and the Redwood Empire Chapter, Sheet Metal and Air Conditioning Contractors National Association, ("SMACNA") which was allegedly binding upon Brisco Sheet Metal, Inc. ("Brisco") as a signatory employer to the agreement. Brisco cross appeals, arguing that the agreement is not binding because Brisco never assigned all its collective bargaining rights to SMACNA; therefore, SMACNA was not empowered to enter into any agreements on its part beyond agreements regarding trust fund issues. Assuming, arguendo, that Brisco did assign its collective bargaining rights to SMACNA, this Court has already resolved that, absent proper notice to the contrary, an employer that had assigned its collective bargaining rights to SMACNA would be bound by the interest arbitration clause. Sheet Metal Workers Intern. v. Simpson Sheet Metal, 954 F.2d 554, 555 (9th Cir.1992). Given that Brisco did not give such notice, the issue before this Court is whether Brisco did indeed assign its collective bargaining rights to SMACNA. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Brisco and the Union entered into a collective bargaining agreement ("CBA") in 1987 expiring on June 30, 1989. Under the plain language of the agreement Brisco assigned its collective bargaining rights to SMACNA. The CBA also included an interest arbitration clause. When negotiations were under way between the Union and SMACNA for a new agreement to succeed the CBA to expire in 1989, they were unable to reach complete agreement. Under the interest arbitration clause, the disputed contractual issues were submitted to "interest arbitration". The interest arbitration panel imposed a three-year CBA binding on the Union and SMACNA which included an interest arbitration clause.
 
 
 4
 Brisco stated that it was not bound by the new interest arbitration clause because it was a non-mandatory term to which it did not consent. In the alternative, it argued that it was not bound because it did not assign its collective bargaining rights to SMACNA. While negotiating the 1987-89 agreement, counsel for Brisco and the Union exchanged letters regarding the nature of SMACNA's representation, in essence agreeing that Brisco would represent itself as to all matters except trust fund matters. Brisco also asserts that it was given oral assurances that it would be permitted to represent itself.
 
 
 5
 The contract ultimately signed on May 29, 1987 by Brisco and the Union provided in Article XIII, Section 5 and Item 41, Section B of the Addendum that by executing the agreement, the employer authorized SMACNA to act as its collective bargaining representative for all matters relating to the agreement. There was no addendum regarding Brisco's self-representation.
 
 
 6
 The Union filed a petition to enforce the 1989 arbitration award. The District Court for the Northern District of California, Judge D. Lowell Jensen presiding, initially granted summary judgment to the union. See Sheet Metal Workers' Intern. Assoc. v. Brisco Sheet Metal, C89-4233-DLJ, Order of 3/20/91. The district court held that, under the parol evidence rule, extrinsic evidence which would vary or modify the terms of the contract could not be considered unless to interpret vague or ambiguous terms Id. at 7-8. The court found that the contract was clear and unambiguous. Id. at 8.
 
 
 7
 Brisco filed a motion for reconsideration. The district court granted in part and denied in part the motion. The district reaffirmed that its application of the parol evidence rule was correct. Sheet Metal Workers' Intern. Assoc. v. Brisco Sheet Metal, C89-4233-DLJ, Order of 5/28/91 AT 5 [ER AT 54]. However, it held that given the holding American Metal Products v. Sheet Metal Workers, 794 F.2d 1452 (9th Cir.1986), as applied in Sheet Metal Workers' International Association, Local 104 v. Simpson Sheet Metal, No. C89-4312-DLJ, the court could not confirm a new interest arbitration clause unless the record indicated the consent of the parties to be bound by such a clause. Order of 5/28/91 at 7. Brisco would not be bound by the clause.
 
 
 8
 On appeal of the Simpson case, this Court held the employer in that case was bound by the new interest arbitration clause not because it was imposed by an arbitration panel, but because the employer had assigned its bargaining authority to SMACNA. Sheet Metal Workers International Association, Local 104 v. Simpson Sheet Metal, 954 F.2d 554, 556 (9th Cir.1992)
 
 
 9
 These appeals followed. Notices of appeal were timely filed.
 
 STANDARD OF REVIEW
 
 10
 This court reviews a district court's interpretation of a contract de novo. Hotel Employees Health Trust v. Elks Lodge, 1450, 827 F.2d 1324, 1327 (9th Cir.1987).
 
 DISCUSSION
 
 11
 The issue remaining for decision is whether extrinsic evidence of the parties' intention should be considered in determining the terms of the CBA. Article XIII, Section 5 of the CBA clearly states:
 
 
 12
 By execution of the Agreement the Employer authorizes Redwood Empire Contractors Association to act as its collective bargaining representative for all matters relating to this agreement.
 
 
 13
 Item 41, Section B of the Addendum also states:
 
 
 14
 The Sheet Metal Workers' International Association Local Union 104 and Redwood Empire Sheet Metal and Air Conditioning Contractors' Association, Inc., SMACNA Chapter, are hereby designated as the respective Labor and Management collective bargaining agents for all persons and firms bound by this Agreement....
 
 
 15
 Parol evidence is not admissible to contradict a clear contract term. Hotel Employees Health Trust v. Elks Lodge, 1450, 827 F.2d 1324 at 1327. As stated in United States v. Triple A Mach. Shop, Inc.,:
 
 
 16
 Evidence of a collateral agreement is admissible if: 1) it does not contradict a clear and unambiguous provision of the written agreement, and 2) the parties did not intend the written agreement to be a complete and exclusive statement of their agreement.
 
 
 17
 United States v. Triple A Mach. Shop, Inc., 857 F.2d 579, 585 (9th Cir.1988). The provisions here are clear and unambiguous.
 
 
 18
 The cases Brisco cites in support of the proposition that extrinsic evidence should be considered, Certified Corp. v. Hawaii Teamsters & Allied Workers, 597 F.2d 1269 (9th Cir.1979) and Cappa v. Wiseman, 469 F.Supp. 437 (N.D.Cal.1979) are inapposite in that they involved an ambiguous contract, see Cappa v. Wiseman, 469 F.Supp. at 440, or oral modification of a contract, see Certified Corp. v. Hawaii Teamsters & Allied Workers, 597 F.2d at 1270. The district court correctly applied the parol evidence rule.
 
 
 19
 Brisco further argues that there was no "meeting of the minds", and, therefore, no binding contract. This contention is equally unpersuasive. This is not a situation in which the parties ascribed different meanings to the written terms of the contract. Cf. Warehousemen's Local # 206 v. Continental Can Co., 821 F.2d 1348, 1350 (9th Cir.1987) ("It thus falls to the company to demonstrate that, although its agreement with the union has the outward appearance of a valid contract, there was no meeting of the minds because the parties understood entirely different things by the written terms of the agreement."). Brisco simply failed to include material terms in the agreement. It is bound by the clear and unambiguous terms to which it did assent.
 
 
 20
 The decision of the district court upon reconsideration to strike the interest arbitration clause from the newly negotiated contract is REVERSED. The remainder of the district court's decision is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "An interest arbitration clause requires the signatories to a CBA [collective bargaining agreement] to submit disputes over new contract terms to arbitration." Sheet Metal Workers Intern. v. Simpson Sheet Metal, 954 F.2d 544, 555 n. 1 (9th Cir.1992)