**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| METZLER CONTRACTING CO. LLC, | No. 11-15749 |
| Petitioner-cross-respondent - Appellee, | D.C. No. 1:10-cv-00516-ACK-BMK |
| v. | |
| PAUL STEPHENS; ELLE STEPHENS, | MEMORANDUM[*] |
| Respondents-cross-petitioners - Appellants. | |

| | |
|---|---|
| METZLER CONTRACTING CO. LLC, | No. 11-15833 |
| Petitioner-cross-respondent - Appellant, | D.C. No. 1:10-cv-00516-ACK-BMK |
| v. | |
| PAUL STEPHENS; ELLE STEPHENS, | |
| Respondents-cross-petitioners - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Alan C. Kay, Senior District Judge, Presiding

Argued and Submitted June 13, 2012
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

Paul and Elle Stephens ("the Stephens") appeal from the district court's order denying their motion to vacate an arbitration award, and confirming the award. Metzler Contracting Co. ("Metzler") appeals from the district court's order denying its request for attorney fees. We affirm.

The Stephens sought vacatur on the ground that the arbitrator exceeded his powers in interpreting the contract. *See* 9 U.S.C. § 10(a)(4). An award may not be vacated, however, so long as the arbitrator's interpretation of the contract was "plausible." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 643 (9th Cir. 2010) (citations omitted). The issue here involved the parties intended basis of payment. The arbitrator determined that the parties had entered into a cost-plus contract and concluded that the parties, through their acts and conduct, had waived the Change Order requirement of Supplemental Condition § 7.1.3.1. *See Wilart Associates v. Kapiolani Plaza, Ltd.*, 766 P.2d 1207, 1210–11 (Haw. Ct. App. 1988). We have held that waiver is possible even where there is a contract provision purporting to limit the parties ability to waive contract

2

provisions. *See Certified Corp. v. Haw. Teamsters & Allied Workers, Local 996*, 597 F.2d 1269, 1271 (9th Cir. 1979). The arbitrator's interpretation of the contract was, at the least, plausible. Metzler was entitled to be compensated for the cost of work the Stephens requested. Hawaiian law has long recognized this principle. *See Stewart v. Spalding*, 23 Haw. 502, 511 (Terr. 1916).

This case is not like *Polimaster Ltd. v. RAE Systems, Inc.*, 623 F.3d 832, 840 (9th Cir. 2010), where the arbitrator was held to have violated the conditions under which the arbitration was to take place. The arbitrator here was interpreting the contract itself in light of the parties' acts and conduct. He acted within his powers, and his interpretation was plausible. The district court therefore properly denied the Stephens' motion to vacate and granted Metzler's motion to confirm. *See Lagstein*, 607 F.3d at 643; 9 U.S.C. § 9.

Metzler cross appeals the district court's denial of its request for attorney fees for the confirmation proceedings. We have said there is a "strong default presumption that [federal law], not state law, supplies the rules for arbitration," but that this can be overturned by a showing of the parties' "clear intent to incorporate state law rules for arbitration." *Johnson v. Gruma Corp.*, 614 F.3d 1062, 1066–67 (9th Cir. 2010) (citations omitted). Metzler argues for the first time on appeal that both parties' conduct showed a clear intent to apply the Hawaiian rule that gives a

court discretion to grant attorney fees in a contested confirmation proceeding. *See* Haw. Rev. Stat. § 658A-25(c). Metzler made no such argument in district court and therefore waived the position it now seeks to maintain. The district court correctly denied the fee request under the applicable federal law.

**AFFIRMED**.